# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN ROCHA,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>            Defendant. | Case No.: 2:14-cv-1423-GMN-VCF<br><br>**ORDER** |

    Pending before the Court is the case of *Rocha v. State Farm Mutual Automobile Insurance Company*, (2:14-cv-1423-GMN-VCF). On September 3, 2014, the Court ordered that Defendant show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 4). On September 17, 2014, Defendant filed a Response. (ECF No. 9). For the reasons stated herein, the Court will remand this case to Clark County District Court.

**I.     BACKGROUND**

    This action centers upon Plaintiff Steven Rocha's allegations that Defendant State Farm, his insurer, breached the underinsured motorist provisions of his policy by refusing to tender the limit of $15,000 following an auto accident that occurred on April 26, 2013. (Compl. 2:20-3:19, ECF No. 1-1). This case was originally filed in Clark County District Court on August 5, 2014. (*Id.* at 1). On September 3, 2014, Defendant removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 2:1-5, ECF No. 1).

The Complaint sets forth three causes of action, upon which Plaintiff seeks to recover general damages and punitive damages, each in excess of $10,000, as well as unspecified amounts for special damages and attorneys' fees. (Compl. 7:1-8).

## II.   LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   ANALYSIS

This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different States. 28 U.S.C. § 1332(a). As discussed *infra*, Defendant fails to establish that the amount in controversy exceeds $75,000, and therefore the Court will remand this action.

In its Response, Defendant asserts that this case satisfies the amount in controversy requirement because Plaintiff: (a) might seek medical costs in excess of $42,261; (b) might seek damages for emotional distress in excess of $80,000; (c) has requested attorneys' fees; and (d) has demanded punitive damages. (Def.'s Resp., ECF No. 9). The Court will address each of these arguments in turn.

/ / /

### a. Medical Costs

Without providing any evidence, Defendant asserts, "Although not stated in the Complaint, it is believed that [Plaintiff] claims to have incurred medical expenses of $28,261.00 as a result of the collision.  Plaintiff also alleges ongoing injury as a result of the accident, as well as necessity for ongoing and future medical care in excess of $14,000.00." (Def.'s Resp. 1:28-2:3, ECF No. 9).  It is unclear how Defendant arrived at these particular amounts, as the Complaint states only that Plaintiff has suffered injuries "in an amount in excess of $10,000." (Compl. 7:3, ECF No. 1-1).  Because Defendant does not provide evidence to support its assertion or even state the basis for its belief that Plaintiff will seek these particular amounts, it has failed to demonstrate a likelihood that Plaintiff will seek anything more than the $10,000 value put forward in the Complaint.  Accordingly, in regard to medical costs, the Court will consider only $10,000 to be in controversy.

### b. Emotional Distress

Similarly, without citing to the Complaint or any evidence, Defendant states, "[I]t is anticipated that Plaintiff will seek $80,000 - $100,000" in order to "compensate for the physical and emotional impact the accident had on Plaintiff's life." (Def.'s Resp. 5:15-18, ECF No. 9).  While it is conceivable that Plaintiff could seek such an amount based on emotional distress, Defendant has failed to point to any particular facts or allegations showing that Plaintiff is likely to seek such a large sum.  Thus, Defendant has failed to carry its burden and the Court will not consider this amount within its calculation.

### c. Attorneys' Fees

Defendant requests that the Court consider Plaintiff's request for attorneys' fees as part of the amount in controversy.  However, Defendant has not set forth any basis under which an award of attorneys' fees may be warranted in this case, nor has it provided any

evidence as to the amount of attorneys' fees Plaintiff might reasonably incur.  In order for a court to include a potential award of attorneys' fees within an amount in controversy calculation, the removing party must (1) identify an applicable statute which could authorize an award of attorneys' fees and (2) provide an estimate as to the time the case will require and opposing counsel's hourly billing rate. *See, e.g.*, *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (holding a defendant's statement that the opposing counsel's fees "may well, in and of themselves, exceed the jurisdictional minimum" did not suffice to create subject matter jurisdiction); *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003) (stating a defendant "must do more than merely point to [a plaintiff's] request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees").  Therefore, Defendant has not satisfied its burden to show that an award of attorneys' fees might be authorized in this action, and the Court cannot consider such an award as part of the amount in controversy.

### d. *Punitive Damages*

Defendant asserts, "[I]f Plaintiff prevails on his punitive damages claim, Plaintiff would likely be seeking an amount far in excess of $75,000.00 as exemplary damages alone" and therefore "Plaintiff's claim for punitive damages alone puts an amount in controversy that is sufficient to satisfy the jurisdictional requirement." (Def.'s Resp. 6:7-13, ECF No. 9).  While Defendant is correct that the Court can, in some instances, consider a potential award of punitive damages to be within the amount in controversy, "it is not enough to tell the Court that [a plaintiff] seek[s] punitive damages, [the defendant] must come forward with evidence showing the likely award if [the plaintiff] were to succeed in obtaining punitive damages." *Wilson*, 250 F. Supp. 2d at 1264 (D. Idaho 2003); *see also, e.g.*, *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D.

Ariz. 2004). Furthermore, a court cannot consider awards issued in other actions unless a defendant identifies similarities which raise an inference that such an award might be warranted in the case at bar. *See, e.g.*, *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998). Because Defendant has failed to identify any particular facts or allegations which might warrant a large punitive damage award, the Court will not consider punitive damages within its calculation.

Therefore the evidence put forward by Defendant demonstrates only that Plaintiff is seeking $10,000—far below the $75,000 minimum required for diversity jurisdiction. Accordingly, the Court will remand this case.[1]

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that that this action is remanded to Clark County District Court. The Clerk is instructed to close the case.

**DATED** this 12th day of November, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[1] Because Defendant has failed to carry its burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiff and Defendant.